## Lathers, Assignee, v. Smith et al.

*Albert L. Moise*, for plaintiff.

*Tobias Hahn*, for defendants.

LAMBERTON, J., April 8, 1937.—This is a suit in assumpsit to recover arrearages of ground rent. Timothy

Keenan, as real owner, has filed an affidavit of defense raising questions of law. Defendant's main contention is that plaintiff has failed to aver that she has complied with all of the conditions precedent to a reëntry upon the premises as set forth in the ground rent deed. In so contending, defendant has lost sight of the nature of the proceeding before us.

In case of default under a ground rent deed, the owner of the ground rent has three remedies. First, he may enter the premises and distrain. Second, he may reënter and repossess the land so as to forfeit the title of the owner thereto. Third, he may bring action in assumpsit to recover the arrearages. Defendant has assumed that plaintiff is pursuing the second remedy above stated, whereas, as a matter of fact, she is pursuing the third. The conditions precedent to reëntry, therefore, do not apply.

The other objections are all to the effect that the statement of claim on its face shows that there is no ground rent in arrears. Defendant arrives at this conclusion by eliminating charges claimed to be improper. These will be considered seriatim.

Plaintiff has included in her statement of claim taxes and water rent, aggregating $186.09, which are due but unpaid. Defendant contends that plaintiff cannot recover for taxes and water rent which she has not as yet paid. With this we agree.

Plaintiff has included in her statement of claim costs involved in the present suit, aggregating $32.10. This is improper. Costs follow the outcome of the action and need not and should not be averred in the statement of claim. Costs of suit obviously cannot be included in a computation to determine whether there was any arrearage before the suit was started.

Plaintiff has included in her statement of claim certain charges for repairs, aggregating $83. Defendant contends that plaintiff has shown no legal right to make these repairs and to charge them against defendant. The elimi-

nation of this item, in addition to the items heretofore considered and eliminated, would overbalance the arrearages claimed, and would necessitate the sustaining of the affidavit of defense raising questions of law.

We agree that under the circumstances here existing plaintiff cannot charge defendant with repairs as such, but that is not what is actually being done. Plaintiff alleges that she collected certain rents from the property, and in determining what amount should be credited to defendant on this account she has deducted the cost of repairs. This is obviously correct. If defendant is to receive credit for the rent collected, it must be the net amount and not the gross amount. If the issue be properly raised in an affidavit of defense on the merits, defendant can, at the trial, contest this charge on the ground that the repairs were not made, or that they were not necessary, or that the amount charged therefor is improper, but defendant cannot have credit for the rents collected and avoid responsibility for the proper cost of securing that rent.

Eliminating all improper charges from the statement of claim, we find the account to be as follows:

| | | |
|---|---|---|
| Ground rent in arrears........... | | $210.00 |
| Cash paid on account............ | $66.66 | |
| Rent collected by plaintiff........ $167.50 | | |
| Less repairs ................... 83.00 | | |
| Net rent collected.............. | 84.50 | |
| Total credits .................. | | 151.16 |
| Net arrearage ................. | | $58.84 |

To which, of course, should be added the attorney's fee of $25, as provided in the ground rent deed.

The statement of claim is poorly drawn, rambling, and full of improper items. We might well sustain the affidavit of defense for this reason and get this action off to a good start by having a proper statement of claim filed. However, in this opinion we have separated the wheat from the chaff, and have indicated the lines along which the issue should be framed. No useful purpose would be

served by requiring plaintiff to do what we have here done for her.

And now, to wit, April 8, 1937, defendant's affidavit of defense raising questions of law is overruled with leave to defendant to file an affidavit of defense on the merits within 15 days from the date hereof.